J-S59026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEEM GRIFFIN | : | |
| | : | No. 2688 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order June 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1200131-2003

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.*

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 10, 2017**

Rasheem Griffin appeals from the order entered June 10, 2016, in the Court of Common Pleas of Pleas of Philadelphia County, that dismissed as untimely his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Griffin contends the PCRA court erred in rejecting his claim of newly discovered evidence.  Based upon the following, we affirm, albeit on different grounds.

The PCRA court summarized the procedural and factual history of this case, as follows:

> On the morning of February 8, 2003, Rasheem Griffin ("defendant") and several other men robbed a family — including two children — in their Philadelphia home at gunpoint, and then threatened to return if anyone called the police. After a jury trial before the Honorable Chris R. Wogan, defendant was found guilty on January 10, 2005 of burglary,[1] carrying a firearm without a license,[2] theft by unlawful taking,[3] criminal conspiracy,[4] and three

---

\*   Former Justice specially assigned to the Superior Court.

counts of robbery.[5] Judge Wogan sentenced defendant on March 8, 2005, to an aggregate term of twenty-six to seventy-eight years in prison. The Superior Court affirmed defendant's judgments of sentence on January 24, 2006, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 9, 2006.

_____

[1] 18 Pa.C.S. § 3502.
[2] 18 Pa.C.S. § 6106.
[3] 18 Pa.C.S. § 3921(a).
[4] 18 Pa.C.S. § 903(c).
[5] 18 Pa.C.S. § 3701.

_____

On July 8, 2014, defendant filed a *pro se* petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq.* ("PCRA") and filed an amended *pro se* petition on December 8, 2014. Counsel filed an amended petition on January 9, 2015, and the Commonwealth filed a motion to dismiss defendant's PCRA petition on November 3, 2015. After issuing a Rule 907 notice on May 10, 2016, this court formally dismissed defendant's petition as untimely on June 10, 2016.[6] This appeal followed.

_____

[6] Judge Wogan, who had presided over defendant's trial, had since retired, and defendant's PCRA petition was administratively reassigned to this court.

_____

PCRA Court Opinion, 1/19/2017, at 1–2.[1]

Our standard of review is well settled: "In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).

_____

[1] Griffin filed a Pa.R.A.P. 1925(b) statement with his notice of appeal. **See** Griffin's Statement of Errors Complained of on Appeal, 7/7/2016.

Here, Griffin claims, "[t]he [PCRA] court erred in holding that the testimony of former Police Detective Ronald Dove under oath at Rasheem Griffin's criminal trial misrepresenting facts regarding evidence seized at the time of Griffin's arrest and a *Daily News* article reporting Dove's termination from employment and a pending Grand Jury investigation into Dove's wrongdoing did not constitute newly discovered evidence." Griffin's Brief at 2.

Preliminarily, we must address the jurisdiction of this Court to review Griffin's claim. It is well-settled that the PCRA's time restrictions are jurisdictional in nature. **Robinson**, **supra**, 139 A.3d at 185.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition. **See** 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, the Pennsylvania Supreme Court denied Griffin's petition for allowance of appeal on August 9, 2006. Therefore, his judgment of sentence became final 90 days later, on November 7, 2006, at the expiration of the time for filing a petition for *writ of certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13.1. Thereafter, Griffin had one year to file a timely

- 3 -

petition, that is, by November 7, 2007. He filed the present petition on July 8, 2014, more than six and one-half years later.[2] Griffin does not dispute that the present petition is patently untimely; he relies on the PCRA's newly discovered fact exception, 42 Pa.C.S. § 9545(b)(1)(ii), to overcome the timeliness issue,[3] and argues his substantive after-discovered evidence claim has merit.

The PCRA provides an exception to the one year time bar where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). The exception must be pled within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Our Supreme Court has explained "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017).

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an

---

[2] The July 8, 2014 petition is reflected on the docket but is not part of the certified record. An "amended" *pro se* petition was filed on December 8, 2014, and is contained in the certified record.

[3] **See** Griffin's Brief at 4.

after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806, 823 (Pa. 2004); **see Cox**, 146 A.3d at 227-28 ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

**Burton, id.**

Here, the PCRA court concluded Griffin failed to satisfy the newly discovered facts exception, and therefore dismissed the petition as untimely. The PCRA court reasoned:

> [Griffin] attempted to rely on the newly discovered fact exception to the time–bar (Amended PCRA Petition, Jan. 9, 2015, ¶ 7). The "facts" on which he relied were as follows:
>
> > In November 2013, Detective [Ronald] Dove [who testified at defendant's trial], a 16 year veteran of the Philadelphia Police Department was terminated from employment for failing to cooperate with detectives who were investigating his involvement in three homicide cases. Specifically, it was determined that Detective Dove's girlfriend was implicated in the murders of three individuals and Detective Dove assisted her in fleeing after the investigation targeted her. In addition, Detective Dove refused to cooperate with fellow investigators into the murders involving his girlfriend.
>
> **Id.** at ¶ 5.
>
> [Griffin] purportedly based these allegations on a November 28, 2014 article in the *Daily News*, which he attached as an exhibit to his petition.[8] [Griffin] made no offer to prove the facts that were alleged in his petition or in the article, which were themselves

- 5 -

nothing more than hearsay. ***See Commonwealth v. Castro***, 93 A.3d 818, 825 (Pa. 2014) (although a newspaper article may "suggest" that evidence exists, the article itself is not evidence; "allegations in the media, whether true or false, are no more evidence than allegations in any Other out-of-court situation"). The Pennsylvania Supreme and Superior Courts have found that "[a] claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly discovered fact] exception to the timeliness requirement..." ***Commonwealth v. Brown***, 141 A.3d 491, 501-02 (Pa. Super. 2016) (quoting ***Commonwealth v. Yarris***, 731 A.2d 581, 592 (Pa. 1999)).

_____

[8] The article refers to three homicide cases, between seven and one-half and ten and one-half years after the home invasion robberies of which defendant was convicted ("Exhibit 1" to Amended PCRA Petition, Jan. 9, 2015). The article reports that Detective Dove's girlfriend was arrested in relation to a 2013 murder. Contrary to defendant's summary, the article did not report that Detective Dove helped his girlfriend flee.

_____

Because the article was not itself a fact, and instead only referenced "information which could lead [defendant] to discover facts," ***Brown***, 141 A.3d at 503, defendant failed to establish the applicability of the newly discovered fact exception to the time-bar, and this court did not have jurisdiction to consider the merits of his petition.

PCRA Court Opinion, 1/19/2017, at 3–4.

We agree with the PCRA court's analysis and determination that the newspaper articles regarding allegations of Detective Dove's misconduct fail to bring Griffin's claim within the ambit of Section 9545(b)(ii).

However, while this appeal was pending, Detective Dove "was arrested and charged with: obstructing justice, unsworn falsification to authorities, tamp[er]ing with/fabricating evidence, hindering prosecution, flight, and

conspiracy." Griffin's Brief at 11, *citing* CP-51-CR-0001382-2015, **Commonwealth v. Ronald Dove**. The Commonwealth acknowledges "the charges against former Detective Dove have since resulted in judgments of sentence by virtue of his guilty pleas entered in April of 2017." Commonwealth Brief at 17. **See also** Commonwealth's Brief at 7 n.2. (noting Dove "entered negotiated guilty pleas … to hindering apprehension or prosecution (18 Pa.C.S. § 5105(a)(1)), flight to avoid apprehension, trial, or punishment (id. § 5126), and criminal conspiracy, (id. § 903), all felonies of the third degree [and t]he court imposed sentence[.]"). Consequently, additional analysis of Griffin's claim is warranted.

We take judicial notice of the criminal docket at CP-51-CR-0001382-2015, **Commonwealth v. Ronald S**. **Dove**, and the convictions reflected on thereon. However, even accepting that Griffin's claim satisfies the newly discovered facts exception, 42 Pa.C.S. § 9545(b)(1)(ii), we conclude Griffin has not raised a genuine issue of material fact that would entitle him to PCRA relief on the basis of after-discovered evidence. We analyze Griffin's claim, as follows:

> Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under the PCRA. Section 9543, titled "Eligibility for relief," governs this inquiry. Among other requirements not pertinent to this appeal, section 9543 delineates seven classes of allegations that are eligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2). Of relevance here is the "after-discovered evidence" provision, which states that a claim

alleging "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced" is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi). To establish such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806, 823 (Pa. 2004).

**Commonwealth v. Cox**, 146 A.3d 221, 228 (Pa. 2016)

Here, Detective Dove's convictions would only serve to impeach his credibility and, as such, do not meet the third prong of the after discovered evidence test.[4] **See Commonwealth v. Alphonso Griffin**, 137 A.3d 605, 610 (Pa. Super. 2016), *appeal denied*, 157 A.3d 476 (Pa. 2016) ("A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence 'solely to impeach a witness's credibility.'"); **Commonwealth v. Foreman**, 55 A.3d 532 (Pa. Super. 2012) (filing of

_____

[4] Griffin's amended PCRA petition alleges, *inter alia*:

> [Detective Dove's convictions] could have been utilized to support a Motion to Suppress and/or could have been utilized to undermine Detective Dove's reliability by demonstrating that he had, for example, lied about … evidence seized in this case and in other cases which [were] used in this case to implicate Mr. Griffin in a crime he did not commit and supported the basis of his conviction.

Griffin's Amended Motion for New Trial Based on After Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus, 1/9/2015, at ¶10.

criminal charges against detective in an unrelated matter does not meet the after-discovered evidence test since such evidence would be used solely to impeach the credibility of the detective). Griffin also argues that "the evidence … may also be used to file a motion to suppress the evidence obtained from the search of the house where [Griffin] was arrested or to file a request for *Brady*[5] material."[6] However, Griffins overlooks the fact that "the hearing is for the presentation of evidence, not the potential discovery of evidence." *Commonwealth v. Castro*, 93 A.3d 818, 827-28 (2014). "An evidentiary hearing … is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim." *Id.* at 828 (quotations and citation omitted). "The relevant motion is not to serve as a preemptive means of securing a hearing that will itself comprise the investigation." *Id.*

Finally, Detective Dove's criminal misconduct in protecting his girlfriend, which occurred long after Griffin's convictions, has no nexus to Griffin's case. Therefore, Griffin cannot show that the proffered "evidence" of Detective

---

[5] Griffin is referring to a claim brought under *Brady v. Maryland*, 373 U.S. 83 (1963), that challenges the Commonwealth's failure to produce material evidence. "Specifically, a *Brady* claim requires a petitioner to show, "(1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 n.9 (2007) (quotations and citations omitted).

[6] Griffin's Brief at 10.

Dove's convictions would lead to a different result. ***See Foreman, supra***, 55 A.3d at 537-538 (appellant failed to satisfy fourth prong of after-discovered evidence test where appellant filed to show any nexus between his case and criminal charges filed against case officer on unrelated matter).

Accordingly, we affirm the order dismissing Griffin's petition, albeit for different reasons. ***See Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012) (holding that this Court is not bound by the rationale of the PCRA court and may affirm on any basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017